AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | | |
|---|---|---|
| United States of America<br>v.<br><br>CLAYON ISAACS<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>3:25 mj 0409 |

FILED
RICHARD W. NAGEL
CLERK OF COURT

OCT -1 2025 11: 21 A

U.S. DISTRICT COURT
SOUTHERN DISTRICT
OF OHIO-DAYTON

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  September 30, 2025  in the county of  Clark  in the  Southern  District of  Ohio  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(B) | Possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

SA Robert McGuire, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 10/1/25

*Judge's signature*

City and state:  Dayton, Ohio    U.S. Magistrate Judge
*Printed name and title*

## SUPPORTING AFFIDAVIT

I, Robert McGuire, Special Agent with the Cincinnati Division - Dayton Resident Agency, of the Federal Bureau of Investigation, being duly sworn do state the following:

## INTRODUCTION

1. I am a Special Agent ("SA") with Federal Bureau of Investigation ("FBI") and have been so employed since November 2004. I am currently assigned to the Cincinnati Division, Dayton Resident Agency. As such, I am charged with investigating crimes against the United States of America, including but not limited to violations of Title 18 and Title 21 of the United States Code (U.S.C.). I have received training in organized crime, fraud, and drug trafficking investigations. I have conducted surveillance, led investigations involving the distribution of narcotics and conspiracy to distribute narcotics as well as money laundering offenses, and supervised the activities of informants who have provided information and assistance, which resulted in arrests and convictions. Based on my training and experience, I am familiar with federal drug laws and am aware that it is a violation of 21 U.S.C. §§ 841(a)(l) and 846 to distribute and possess with intent to distribute controlled substances, as well as to conspire to do the same.

## PURPOSE OF AFFIDAVIT

2. This affidavit is made in support of an application for a federal arrest warrant and complaint against **Clayon Isaacs** (hereinafter referred to as "**ISAACS**") for violations of federal law. I have not included in this Affidavit all the facts known to me, but only that information sufficient to establish probable cause to believe that on September 30, 2025, **ISAACS** committed a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance).

1

3.   This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## SUMMARY OF PROBABLE CAUSE

4.   On September 30, 2025, Ohio State Highway Patrol Trooper Sergeant Michael Rucker was conducting his official duties on Interstate 70 in Clark County, Ohio. At approximately 1:50 pm, Sgt. Rucker observed a Black 2022 Chrysler Pacifica (hereinafter referred to as "the Pacifica") bearing New York license plate LTW 1959 enter the entrance ramp from Interstate 70 eastbound onto southbound Interstate 675. Sgt. Rucker observed the Pacifica commit a marked-lane traffic violation and subsequently conducted a traffic stop of the Pacifica. During the traffic stop, Sgt. Rucker identified the driver of the Pacifica as **ISAACS** and obtained the name and identity of the female passenger.

5.   Based on his training, Sgt. Rucker observed criminal indicators from **ISAACS** and the female passenger during the traffic stop. As Sgt. Rucker approached the vehicle, he observed **ISAACS** to be showing signs of extreme nervousness to include sweating, belly breathing, and visible shakiness. After removing the occupants from the vehicle, Sgt. Rucker got conflicting stories from the two individuals as to their travel plans. Pursuant to his training, Sgt. Rucker called Trooper John Sanders-Tirado to respond to the traffic stop with his canine, Canine Dale. Based on information provided by Trooper Sanders-Tirado, Canine Dale has been properly trained and certified on detecting the odor of narcotics. Trooper Sanders-Tirado deployed Canine Dale for an open air sniff of the Pacifica. After being led around the Pacifica, Canine Dale positively indicated to the presence of narcotics.

6.   After the canine indicated to the presence of narcotics, law enforcement conducted a probable cause search of the Pacifica. During the search, law enforcement found a backpack in

2

the second row of the Pacifica, directly behind the center console. Law enforcement searched the contents of the backpack and observed two bags of a green leafy substance and another small bag containing two vacuum-sealed packages.

7. The green leafy substance and the two vacuum-sealed packages were subsequently tested utilizing a True Narc testing device. The contents of the two vacuum-sealed packages tested positive for the presence of cocaine. The vacuum-sealed packages with their contents were also weighed at the Dayton Police Department. The weight of the vacuum-sealed packages containing the presence of cocaine was 2.1 kilograms.

8. Law enforcement attempted to interview both **ISAACS** and the female passenger. During the interview with the female passenger, she told law enforcement that the backpack belonged to **ISAACS** and that she had no knowledge of the contents.

## CONCLUSION

9. Based on the above information provided herein, I believe that probable cause to issue a criminal complaint against, and an arrest warrant for, **CLAYON ISAACS** for a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (possession with intent to distribute 500 grams or more of cocaine).

Robert McGuire
Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 1st day of October, 2025.

UNITED STATES MAGISTRATE JUDGE

3